### 13845.   DAVIS, agent, *v.* THOMPSON.

STEPHENS, J. 1. This being a suit by a widow against a railroad company to recover for the homicide of her husband, alleged to have been caused by the negligence of the defendant, and the court having failed to charge the jury the rule as to diminishing earning capacity of the deceased, and also having failed to instruct the jury that the negligence of the defendant must, before the plaintiff can recover, be the proximate cause

of the injuries of the deceased, the verdict for the plaintiff must be set aside and a new trial granted.

2. The charge of the court taken as a whole was not erroneous, as complained of by the defendant, in instructing the jury upon the law as to the presumption of negligence, or the duty resting upon the deceased to avoid the injury by the exercise of ordinary care, or in instructing the jury in the doctrine of comparative negligence.

3. Evidence as to the age of the deceased, his state of health, and the nature of his business, are sufficient data to authorize the jury to determine the deceased's expectancy in life, and while the disjunctive " or," as used by the judge in his charge in this case, might possibly have been construed by the jury as being used in the conjunctive sense, all of these elements should be considered by the jury, and the charge of the court is subject to criticism in that they were submitted to the jury in the alternative and not collectively.

4. The charge of the court is not subject to the criticism that the judge anywhere therein expressed an opinion upon the facts.

5. There being some evidence from which the jury could have inferred that the defendant was negligent as alleged in the petition, and that the injuries complained of proximately resulted therefrom, the judgment can not be reversed upon the ground that there was no evidence to support the verdict.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JULY 16, 1923. ADHERED TO ON REHEARING, SEPTEMBER 25, 1923.

Action for damages; from Bacon superior court — Judge Sheppard. June 23, 1922.

*Wilson & Bennett, Parks, Reed & Garrett, I. J. Bussell, Alston, Alston, Foster & Moise,* for plaintiff in error.

*T. A. Wallace, L. D. Luke,* contra.